992 F.2d 1219
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Mitchell Harrell JACKSON, a/k/a Rashad Ali Muhammad,
Plaintiff-Appellant,
v.
Samuel A. LEWIS, Director, Department of Corrections,
Defendant-Appellee.
 No. 92-16337.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 27, 1993.*
Decided April 30, 1993.
 
 Before BROWNING, KOZINSKI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Mitchell H. Jackson, an Arizona state prisoner, appeals pro se the district court's grant of summary judgment in favor of state prison officials in his 42 U.S.C. § 1983 civil rights action. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 Background
 
 3
 On November 13, 1989, appellant was placed on medical lay-in status as a result of a shoulder injury. He was advised to do no work for 30 days. While on medical lay-in status, he was permitted to shower, exercise and clean his cell three times a week. The medical lay-in shower, exercise and cleaning schedule is similar to the administrative detention schedule.
 
 
 4
 Appellant contends that the district court erred when it found no violation of his due process rights because he was placed on medical lay-in rather than in administrative detention. He alleges that he was effectively placed on administrative detention without due process. He further contends that the district court erred when it found that his exercise, shower and cleaning schedule did not constitute cruel and unusual punishment in violation of the eighth amendment.
 
 
 5
 In their summary judgment motion, appellees produced documentation showing that appellant was not placed on administrative detention. The showering, exercise, and cleaning schedule is undisputed by the parties. The district court granted summary judgment in favor of the appellees.
 
 Standard of Review
 
 6
 This court reviews the district court's grant of summary judgment de novo. Jones v. Union Pac. R.R., 968 F.2d 937, 940 (9th Cir.1992). Viewing the evidence in the light most favorable to the nonmoving party, we must determine whether there are any genuine issues of material fact. Federal Deposit Ins. Corp. v. O'Melveny & Meyers, 969 F2d. 744, 747 (9th Cir.1992). A material fact is one that is relevant to the determination of the action. Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986). However, the nonmoving party must do more than simply show that there is some metaphysical doubt as to the existence of a material fact; the nonmoving party must set forth specific facts showing the existence of a genuine issue of material fact. Matsushita Elec. Industrial Co., Inc. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). Therefore, a mere scintilla of evidence is not sufficient; there must be sufficient evidence upon which the jury could find for the nonmoving party. Anderson, 477 U.S. at 252.
 
 Due Process Claim
 
 7
 Appellant contends that he was placed in administrative detention in violation of his fourteenth amendment right to due process. We reject this contention. Prison officials have broad administrative and discretionary authority over the institutions they manage. Hewitt v. Helms, 459 U.S. 460, 467 (1983). Lawfully incarcerated persons retain only a narrow range of protected liberty interests. Id. Administrative confinement is a type of confinement that inmates should reasonably anticipate receiving at some point in their incarceration, and it does not involve interests independently protected by the due process clause. Id., 459 U.S. at 468; Toussaint v. McCarthy, 801 F.2d 1080, 1089 (9th Cir.1986).
 
 
 8
 A protected liberty interest may also arise from the laws of a state. Hewitt, 459 U.S. at 466. Arizona penal laws do not create a protected liberty interest in a prisoner remaining in the general prison population. McFarland v. Cassady, 779 F.2d 1426, 1428 (9th Cir.1986). However, state regulatory measures that impose substantive limitations on the exercise of official discretion may create a liberty interest. Olim v. Wakinekona, 461 U.S. 238, 249 (1983). These limitations must contain mandatory language requiring specific substantive predicates. Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 462 (1989).
 
 
 9
 Appellant cites to no prison regulation giving him a liberty interest in not being placed on medical lay-in. Instead, he relies on regulations governing administrative detention. The uncontradicted affidavit of a prison official demonstrates that appellant was not placed in administrative detention. Rather, appellant's cleaning schedule was changed to reflect his medical status. The cleaning schedule for prisoners on medical lay-in status is similar to the cleaning schedule for prisoners in administrative detention. As appellant was not placed in administrative detention, we need not reach the issue of whether prison regulations governing administrative detention are sufficiently mandatory in nature and have sufficient substantive predicates to create a liberty interest. See Thompson, 490 U.S. at 462.
 
 Eighth Amendment
 
 10
 Appellant alleges that his limited shower, exercise, and cleaning schedule while on medical lay-in status was incompatible with the "evolving standards of decency that mark the progress of a maturing society." Wright v. Rushen, 642 F.2d 1129, 1133 (9th Cir.1981). Given the broad administrative and discretionary authority prison officials have in the operation of prisons, Hewitt, 459 U.S. at 467, we cannot say that it was an abuse of discretion for prison officials to reduce the level of physical exertion for a prisoner with a shoulder injury, or that it rises to a level of cruel and unusual punishment. See Harris v. Flemming, 839 F.2d 1232, 1234-35 (5th Cir.1989); Davenport v. DeRobertis, 844 F.2d 1310, 1316 (7th Cir.1988).
 
 
 11
 Because appellant was not placed in administrative detention, and because limiting him to showering, exercising and cleaning his cell thrice weekly does not constitute cruel and unusual punishment, we affirm the district court's judgment.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3